Argued 10 March, decided 28 March, 1904.

## KEENE v. SMITH.

[ 75 Pac. 1065.]

GARNISHMENT OF STATE OFFICER.

1. The State not being suable, it necessary follows that neither it nor its officers as such can be garnished.

STATUTES ON GARNISHMENT OF STATE OFFICERS.

2. The fact that a bill passed by the legislature in 1903, making state officers liable to answer in garnishment proceedings, was vetoed by the Governor, after which B. & C. Comp. § 259, providing that no state or other public officer shall be liable to answer as garnishee for moneys in his possession as such public officer, belonging to or claimed by any judgment debtor, was repealed, does not confer the right of garnishment against state officers for state funds in their hands, in the absence of a statute permitting the State to be sued.

From Marion : GEORGE H. BURNETT, Judge.

Action by R. G. Keene against Z. T. Smith, in which the Secretary of State was served with notice of garnishment as to Smith's wages due from the State of Oregon. From an order dismissing the garnishment, this appeal is taken.                                              AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Frank Holmes.*

For respondent garnishee there was a brief and an oral argument by *Mr. Andrew M. Crawford*, Attorney-General.

MR. JUSTICE WOLVERTON delivered the opinion.

The plaintiff, having recovered a judgment in the justice's court against the defendant Z. T. Smith, procured an execution to be issued upon it, by virtue of which a notice of garnishment was served upon the Secretary of State, with a view of attaching any sum that might be found due Smith from the State, he being an employé thereof. The secretary moved for a discharge of the garnishment, upon the ground that he is not amendable thereto, which motion having been allowed, the plaintiff appealed to the circuit court, and, the judgment of the justice's court having been affirmed, plaintiff now appeals to this court.

1. There is but one question involved, which is indicated by the motion to discharge the garnishment. Under the state constitution (article IV, § 24) provision may be made by general law for beginning suit against the State as to all liabilities originating after or existing at the time of its adoption. Up to the present time the legislature has not, in pursuance of the power thus delegated, deemed it important or advisable to authorize or permit the State to be sued, and such is the condition of the law that no suit or action can be instituted or maintained against it except with its consent and consequent submission to the jurisdiction of the court: *Salem Mills Co.* v. *Lord,* 42 Or. 82 (69 Pac. 1033, 70 Pac. 832). The principle is elementary, and so well settled that the further citation of authority is unnecessary. Indeed, we do not understand it to be seriously controverted. A garnishment proceeding as at present authorized by statute partakes of the nature of, and is in all essentials, a separate action or suit against the person garnisheed. If the latter answers satisfactorily, obviously that is the end of the controversy; but if he contests the right of garnishment, or his liability, then the suit, perhaps more properly denominated an "action," is proceeded with as between the parties plaintiff and the garnishee, and is a separate proceeding from the original action, although auxiliary thereto. It is said by Mr. Waples, in his work on Attachment, and quoted as authoritative in *Case* v. *Noyes,* 16 Or. 329 (19 Pac. 104), that "the plaintiff virtually sues the garnishee, for a debt due the defendant, by the process of garnishment. He takes the shoes of the latter, and asserts the rights which the latter has against a third person. He has to make out the case against the garnishee (when he is permitted to do so), unless the indebtedness to the defendant be admitted by the garnishee": Waples, Attach. (2 ed.) § 472. At another section (470), he says of the proceeding that it "is a judicial cause between parties; it is

begun by a summons or its equivalent, and results in a judgment, with all the other characteristics essential to a lawsuit." So Mr. Justice STRAHAN concludes, in the case just cited, that "under the code the plaintiff in the original action, by the process of garnishment, becomes a plaintiff or actor against the, garnishee. If the certificate which the garnishee is required to give proves unsatisfactory to the plaintiff, thereafter the proceedings by the plaintiff are in the nature of an action, and strictly adversary." In another case (*Smith* v. *Conrad*, 23 Or. 206, 212, 31 Pac. 398, 399), Mr. Justice BEAN says: "By the service on the garnishee of a copy of the writ of attachment and notice as provided by law, the plaintiff obtains the right, if the certificate is unsatisfactory, to maintain an action against him upon a liability existing in favor of the defendant in the original action. He thereby becomes, as it were, subrogated to the rights of action which the defendant has against the garnishee, and entitled to sue thereon in his own name." And we said, in a still later case (*Burns* v. *Payne*, 31 Or. 100, 103, 49 Pac. 884, 885): "The proceeding, it is true, is ancillary and subsidiary to the main action, and is undoubtedly dependent for its utility upon the final results attained in that action; but the garnishment in effect subrogates the plaintiff to the rights of the defendant in the main action, and empowers him to sue the defendant's garnisheed debtor. He takes the shoes and asserts the rights of the defendant against the garnishee."

Such being the essential nature and effect of the proceeding, it follows irresistibly that the State is not subject to garnishment without its consent. The purpose of the garnishment is to reach eventually the funds of the State, although the Secretary is the person garnisheed, and the proceeding is therefore adversary to or against the State. We are not without authority elsewhere upon the subject. In *Lodor* v. *Baker*, 39 N. J. Law, 49, it was held that, as

a State cannot be sued in its own courts without its consent, a creditor cannot lawfully attach money due his debtor in the hands of the State Treasurer. If such a thing might be permitted, "it must logically follow," say the court, "that he [the creditor] may resort to the means provided by the attachment.act to compel the garnishee to appropriate the money attached to the payment of his claim, otherwise it would be a nugatory and fruitless proceeding. The law cannot be guilty of the inconsistency of inviting the suitor to attach funds of this nature, and at the same time deny him every remedy to enforce his lien." So it was held, in *Divine* v. *Harvie,* 7 T. B. Mon. 488 (18 Am. Dec. 194), that a State cannot be made a garnishee, nor can the auditor and treasurer be made parties, in the place of the State, to obtain a warrant and money from the treasurer. See, also, Rood, Garn. § 25. These authorities—and we have been referred to none to the contrary where the State is concerned—determine the controversy in favor of the affirmance of the judgment.

2. Counsel make another contention, however, which is that, by repealing Section 259, B. & C. Comp., reading as follows: "No state or county treasurer, sheriff, clerk, constable, or other public officer, shall be liable to answer as garnishee for moneys in his possession as such public officer, belonging to or claimed by any judgment debtor" —the legislature has manifested an intention to make such officers liable under the process. But, as it respects state officers, at least, they never were liable to garnishment, and the statute was only declaratory of the rule then prevailing, and its repeal could not be construed into positive law to the contrary.

It is further suggested that for the purpose of construction we should look into the legislative journals, where it would be found that a law was passed, at the session of the legislative assembly of 1903, making state officers liable to

answer in such a proceeding, which was vetoed by the Governor, and that the intention of that body to make them liable by the repeal would thus become manifest.  It is impossible that this should help the plaintiff.  By reason of the Governor's veto the act referred to never became a law, and the fact that the legislature intended by that act to make the state officers liable to garnishment can afford no criterion by which to determine that it intended to accomplish the same purpose by the repeal of another statute then existing, unless such repeal would be effective to put in force some other rule of law making them liable. We have seen that such is not the effect of the repeal, and hence the contention is without merit.

The judgment of the circuit court will therefore be affirmed, and it is so ordered.                    AFFIRMED.

---

Decided 4 April, 1904.