148        APPELLATE COURTS OF ILLINOIS.

Superior Plating Works v. Art Metal Crafts Co., 218 Ill. App. 148.

## Superior Plating Works, Appellant, v. Art Metal Crafts Company, G. Albin Nilson, Garnishee, Appellee.

### Gen. No. 25,056.

1. GARNISHMENT, § 24*—*what property subject to garnishment.* Following the decisions of the second branch of the Appellate Court, *held* that goods purchased without complying with the provisions of the Bulk Sales Act, Callaghan's 1916 Stat. ¶ 10021(1), *et seq.*, may be reached by creditors of the vendor in the hands of the purchaser through process of garnishment.

2. WORDS AND PHRASES—*"Creditor" defined.* In its broad sense the word "creditor" means one who has any legal liability upon a contract, express or implied, or in tort; in its narrow sense, the term is limited to one who holds a demand which is certain and liquidated.

3. FRAUDULENT CONVEYANCES, § 15*—*how Bulk Sales Law is construed.* The Bulk Sales Law [Callaghan's 1916 Stat. ¶ 10021(1) *et seq.*] is in derogation of the common law and should be strictly construed.

4. FRAUDULENT CONVEYANCES, § 15*—*when Bulk Sales Law does not apply.* The Bulk Sales Law [Callaghan's 1916 Stat. ¶ 10021(1) *et seq.*] does not apply to persons holding claims in tort.

5. FRAUDULENT CONVEYANCES, § 15*—*what claims are not within Bulk Sales Law.* The Bulk Sales Law [Callaghan's 1916 Stat. ¶ 10021(1) *et seq.*] does not apply to one holding an uncertain, unliquidated and contingent claim arising out of a breach of a contract for the sale of goods.

Appeal from the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed April 30, 1920.

HOWE, FORDHAM & KREAMER, for appellant; ALBERT C. FORDHAM, of counsel.

BEN M. SMITH and JOHN L. DAVIDSON, for appellee G. Albin Nilson, Garnishee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court. ·

On the first day of April, 1918, a judgment for $1,055 in favor of the Superior Plating Works, a corporation, and against the Art Metal Crafts Company was entered by the municipal court of Chicago. The statement of claim shows that the suit was for damages for the failure of the defendant to deliver certain hot rolled tubing, annealed which defendant had agreed to do not later than June 30, 1917. It also claimed damages for defects in certain quantities of this tubing which had, in fact, been delivered. Execution was issued and returned "No property found," and thereafter on June 10, 1918, the judgment creditor caused a suit in garnishment to be brought, summoning G. A. Nilson as garnishee. He answered denying that at the time of the service of the writ he had any money or property of the judgment debtor in his possession. The answer was contested and on the hearing he was discharged.

· It appears from a stipulation of the parties that on December 20, 1917, the judgment debtor sold "substantially its entire stock of merchandise" to the garnishee Nilson, but not in the ordinary course of business; that the garnishee did not require the Art Metal Crafts Company to comply with the provisions of the Bulk Sales Law, and that at the time of the service of the garnishment writ and at the time of filing an answer thereto, Nilson had in his possession a portion of these goods thus obtained which were of the value of $1,250.

The court held on trial without a jury that the garnishee creditor could not recover, and entered judgment for the garnishee. Appellant contends this was error and it is claimed that this court has twice decided heretofore in similar cases that goods purchased without complying with the provisions of the Bulk Sales Act may be reached by creditors of the vendor

in the hands of the purchaser through process of garnishment. It seems to have been so held by the second branch of the Appellate Court for this district in *Cohn v. Malo,* 198 Ill. App. 538, and in *La Salle Opera House Co. for use of Goes Lithographing Co. v. La Salle Amusement Co.,* 212 Ill. App. 621. This last-named case was reversed by the Supreme Court, *La Salle Opera House Co. v. La Salle Amusement Co.,* 289 Ill. 194, but not, apparently, because of any error in this holding.

While if the question were an open one we might have doubt as to whether garnishment would lie in such a case *(Hibernian Banking Ass'n v. Morrison,* 188 Ill. 279; *Supreme Sitting Order of Iron Hall v. Grigsby,* 178 Ill. 57), we are disposed in the absence of a ruling by the Supreme Court to follow the decisions of the second branch hereinbefore cited.

Appellee, however, further contends that the judgment should be affirmed for the reason that at the time of the sale the plaintiff appellant was not "a creditor" within the meaning of the Bulk Sales Law. Appellant contends that when the contract sued on was violated by the nondelivery of goods according to the contract, June 30, 1917, the appellant became a creditor within the meaning of the act; that it was, therefore, a creditor on December 20, 1917, at the time the transfer in question was made.

It is apparent if the word creditor is to be taken in the broad sense in which it is sometimes used, as applying to any legal liability that may have been incurred upon a contract, express or implied, or in tort, then appellant was at said time a creditor within its meaning. On the other hand, if the word is to be construed in the limited sense in which it sometimes is used, as applying only to one who holds a demand which is certain and liquidated, then appellant was not a creditor within its meaning. *Steele-Wedeles Co. v.*

*Shoodoc Pond Packing Co.,* 153 Ill. App. 576; *Capes v. Burgess,* 135 Ill. 61.

The Bulk Sales Law is in derogation of the common law and therefore should be strictly construed as to its application. We think it clearly should not be applied to parties holding claims in tort, and the same reasoning would lead us to conclude that the holder of a claim, such as this one, which was uncertain, unliquidated and contingent, would not be a creditor within the meaning of the act. To hold otherwise would give to claimants possessing uncertain and speculative demands a power to harass and interfere with the business of persons against whom such claims are made, which we think could not have been within the intention of the legislature. This construction is, as it seems to us, not only reasonable but in harmony with the construction placed upon a similar law by the courts of New York. *Apex Leasing Co. v. Litke,* 173 N. Y. App. Div. 323, 159 N. Y. Supp. 707.

The judgment will therefore be affirmed.

*Affirmed.*

MR. JUSTICES BARNES and GRIDLEY concur.