**Stony Island Trust & Savings Bank, for use of Michael Shea, Appellant, v. Stony Island State Savings Bank, Appellee.**

### Gen. No. 30,560.

SALES—*holder of cause of action in tort as creditor within meaning of Bulk Sales Act.* The holder of a cause of action against a bank based upon its sale to him of a bond consummated by means of false and fraudulent representations is not a creditor of the bank, within the meaning of the Bulk Sales Law, so as to require his notification in the event of a sale of the bank's assets to another bank, especially where the bank has no knowledge at the time of such a sale that he is making such a claim against it.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. CHARLES SCHAEFER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Affirmed. Opinion filed March 29, 1926.

JOHN F. CASHEN, JR., for appellant.

DENEEN, HEALY & LEE, for appellee; ROY MASSENA and CLYDE Y. MORRIS, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by Michael Shea, the plaintiff, from a judgment in favor of the Stony Island State Savings Bank, the garnishee, in a garnishment proceeding brought by the plaintiff against the Stony Island State Savings Bank.

On September 1, 1922, the plaintiff purchased a bond from the Stony Island Trust and Savings Bank for $1,032.88. On February 25, 1923, the Stony Island Trust and Savings Bank sold to the Stony Island State Savings Bank all of its assets of every kind and description, including fixtures. On May 9, 1924, the plaintiff brought an action against the Stony Island Trust and Savings Bank, in which the plaintiff alleged that the $1,032.88 which the plaintiff had paid to the Stony Island Trust and Savings Bank for the bond was obtained by false and fraudulent representations. In this action the plaintiff obtained a judgment against the Stony Island Trust and Savings Bank. On May 18, 1925, the plaintiff filed its garnishee summons against the Stony Island State Savings Bank seeking to reach property of the Stony Island Trust and Savings Bank.

The only contention of counsel for the plaintiff is that the sale of the Stony Island Trust and Savings Bank of all of its property to the Stony Island State Savings Bank was fraudulent and void as to the plaintiff, for the reason that the plaintiff was a cred-

itor of the Stony Island Trust and Savings Bank at the time of the sale, and should have been notified of the sale in accordance with the provisions of section 1, chapter 121a, of the act relating to Sales of Personal Property [Cahill's St. ch. 121a, ¶ 1], commonly known as the Bulk Sales Act.

The record shows that the notice provided for in the statute was not given to the plaintiff.

Assuming for the sake of argument that the sale was one within the contemplation of the Bulk Sales Act, we are of the opinion that at the time of the sale the plaintiff was not a creditor of the Stony Island Trust and Savings Bank within the meaning of the Bulk Sales Act. At the time of the sale the claim of the plaintiff was unliquidated. It had not been merged into a judgment. Furthermore, the record does not show that prior to the sale the plaintiff ever made any demand on the Stony Island Trust and Savings Bank in respect of his claim, or that the Stony Island Trust and Savings Bank knew that the plaintiff was asserting that he had such a claim.

In the case of *Superior Plating Works v. Art Metal Crafts Company,* 218 Ill. App. 148, which was a case similar to the case at bar, it was held that one who held an uncertain unliquidated claim arising out of a breach of contract for the sale of goods was not a creditor within the meaning of the Bulk Sales Act. In the opinion, which was written by Mr. Justice Matchett, it is said (p. 151): "The Bulk Sales Law is in derogation of the common law and therefore should be strictly construed as to its application. We think it clearly should not be applied to parties holding claims in tort, and the same reasoning would lead us to conclude that the holder of a claim, such as this one, which was uncertain, unliquidated and contingent, would not be a creditor within the meaning of the act. To hold otherwise would give to claimants possessing uncertain and speculative demands a power

to harass and interfere with the business of persons against whom such claims are made, which we think could not have been within the intention of the legislature.''

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.