Argued by appellant March 30, affirmed April 26, 1927.

# N. SOLOMON *v.* CHARLES E. KENNER ET AL.

(255 Pac. 471.)

**Pleading—Allegation That Pleader was Damaged by Breach of Contract "on Account of Loss of Profits in Sum of $3,600" Held Mere Conclusion.**

1. Allegation of pleader that he was damaged by breach of building contract "on account of loss of profit in sum of $3,600" *held* mere conclusion.

**Garnishment—Plaintiff's Allegations must State Cause of Action in Favor of Judgment Debtor Against Garnishee (Or. L., § 315).**

2. Under Section 315, Or. L., plaintiff's allegations must state cause of action in favor of judgment debtor against garnishee.

**Pleading—Plaintiff's Allegations, Setting Up Details and Fact That Garnishee had $700 Rightfully Belonging to Judgment Debtor, Held Sufficient After Judgment.**

3. In garnishment proceedings, plaintiff's allegations, setting up details and fact that garnishee had $700 which rightfully belonged to judgment debtor, *held* sufficient, after verdict and judgment, in absence of any demurrer or motion directed to pleading.

**Garnishment—Garnishee may Prove Legal Damages Caused by Judgment Debtor's Breach of Contract as Defense in Garnishment Proceedings.**

4. Garnishee may allege and prove legal damages occasioned by judgment debtor's breach of contract as defense to garnishment proceedings by judgment creditor.

**Garnishment—Garnishee may Avail Himself of Loss of Profits for Breach of Contract With Judgment Debtor Only Where He Shows There Would have Been Profits if Contract was Carried Out.**

5. In order for garnishee to avail himself of loss of profits for breach of contract with judgment debtor, he must show that there would have been profits, if contract had been carried out.

**Appeal and Error—Where There was Testimony Supporting Court's Finding, Judgment Should not be Disturbed.**

6. Where there was testimony in case to support finding made by trial court, judgment should not be disturbed on appeal.

Appeal and Error, 4 C. J., p. 692, n. 87.
Garnishment, 27 C. J., p. 213, n. 43, p. 241, n. 27, p. 245, n. 56, p. 275, n. 10, p. 279, n. 71, p. 282, n. 6, p. 296, n. 48, p. 312, n. 65.

4. Right of garnishee to set off debtor's breach of contract, see note in 59 L. R. A. 389. See, also, 12 R. C. L. 830.
6. See 2 R. C. L. 206.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 2.

On October 20, 1924, the plaintiff secured a judgment against Charles E. and Hildegarde M. Kenner. In order to satisfy this judgment, execution was issued and served by garnishing C. H. Webber, doing business as the Redimade Building Company. The garnishee returned that it had no money or property belonging to the judgment debtor. On November 25, 1924, following issuance of an order directing the examination of the garnishee, the plaintiff filed allegations and interrogatories, the gist of which was, that on May 17, 1924, Charles E. Kenner issued a check to the Redimade Building Company, garnishee, in the sum of $1,000, upon which the money was received by the garnishee; that $300 thereof was returned to Charles E. Kenner, defendant, and that the garnishee now has in his or its possession the sum of $700, the rightful property of Charles E. Kenner, and that it is due and owing from the Redimade Building Company to Charles E. Kenner and has been duly and regularly levied upon by the plaintiff by execution and garnishment. Plaintiff submitted interrogatories touching upon the transaction, which allegations and interrogatories were served upon the garnishee.

The garnishee answered plaintiff's allegations and interrogatories, denying some of the allegations and further alleged in substance, that about May 3, 1924, C. H. Webber and Charles E. Kenner entered into a contract by the terms of which Webber agreed to build and Kenner agreed to pay for twelve houses, which were to be erected by Webber upon certain lots in the City of Portland; by the terms of the contract Kenner agreed to pay on or before May 15, 1924,

$6,000, on account of the purchase price of the said houses; that about May 15, 1924, he paid $1,000 on account thereof; that $300 of said $1,000 payment was returned to Kenner; that Kenner failed to pay the balance of the $6,000 and refused to perform his part of the contract. That up to the time Kenner notified Webber he would not perform the contract, Webber was ready, able and willing to perform, and had performed, all the obligations upon his part to be performed according to the terms thereof.

That on account of the failure and refusal of Kenner to perform the contract, Webber has been damaged on account of expenses in the preparation of blue-prints, plans and specifications for said house in the sum of $350, "and on account of the loss of profits in the sum of $3,600." The garnishee answered the interrogatories of the plaintiff to the effect that on May 15, 1924, Kenner paid the Redimade Building Company, $1,000, under the circumstances set forth in the answer; that the $300 was returned to Kenner for a temporary purpose as an accommodation. That the Redimade Building Company on account of the contract with Kenner incurred an expense of $350 for the construction of houses.

A reply was filed admitting a portion of the allegations and denying the balance thereof. The cause was tried by the court without the intervention of a jury. The court rendered a judgment against the garnishee in the sum of $300. The garnishee appealed.                                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Platt, Platt, Fales & Smith,* with an oral argument by *Mr. George Black, Jr.*

For respondent there was no appearance.

BEAN, J.—The garnishee assigns as error the entering of the judgment, and refusing the garnishee's motion for an order dismissing the proceedings, and for judgment in favor of the garnishee for his costs. It appears from the testimony that on May 3, 1924, Charles E. Kenner and the garnishee partially completed negotiations and made and signed a written memorandum, for the construction by the garnishee for Kenner, "twelve houses of special selection to be delivered and erected per plans and specifications to be submitted to and approved by Charles E. Kenner (owner) for a sum not to exceed —— $50 to be paid down, the receipt of which is hereby acknowledged and the balance of $500 per house, or a total of $6,000, to be paid on or before May 15, 1924, 50 per cent on each house when 'roughed in' and balance when completed." This memorandum was signed by the parties. It appears that the total price of the houses was not agreed upon but was left for future determination after plans and specifications were made and approved by Kenner.

Charles E. Kenner testified to the effect that soon after the memorandum was made it was understood between himself and the garnishee that they would not construct twelve houses at once, but should build only two at a time, and it appears that some stock plans were changed by an architect for the garnishee and were approved by Kenner for the construction of two duplex houses, estimated to cost $4,285 each. The garnishee, W. R. Bailey, states that it was understood between the parties that a four-room house should be constructed similar to another in the vicinity, at a price of $2,700.

Mr. L. P. Bartholomew, an architect, testified on behalf of the garnishee that he examined the lots where the houses were proposed to be constructed and changed the stock plans so as to provide for a basement under the two houses. He did not testify as to the value of the plans or specifications. Mr. Bailey, however, testified that several plans were prepared, one of which, for the two duplex houses, was approved by Mr. Kenner; that all of the plans were worth $350. This was questioned by the plaintiff, as Kenner never approved more than one plan and never agreed in any way to pay therefor. It leaves the testimony rather indefinite as to the reasonable value of making the plans and specifications.

The trial court under this condition of the testimony appears to have allowed the garnishee $400 out of the $700 as compensation for all the expense and damages the garnishee sustained, on account of Kenner's failure in proceeding with the construction of the two duplex houses. The testimony on the part of the plaintiff tended to show that the program initiated by the general memorandum was changed afterward.

1. The appellant submits that the only questions which are involved in this case are, first, was there a binding agreement between Kenner, the judgment debtor, and the Redimade Building Company, the garnishee, for the construction of at least three houses? We think the testimony shows that the minds of the parties met as to the construction of the two duplex houses. Second, was this agreement breached by Kenner? The trial court evidently found that it was. We approve this finding. Third, is the loss of profits occasioned to the Redimade Building Company thereby legal damage, which can

be set up against the claim of the plaintiff? The difficulty in answering this question is presented by the testimony which fails to show that the garnishee would have made any profit in the construction of the houses. The allegation in the answer regarding profits is a mere conclusion.

There is a naked conclusion stated by Mr. Bailey on behalf of the garnishee, to the effect that usually they made 10 per cent profit in the construction of buildings. There was no testimony to indicate what would be the reasonable cost of constructing the buildings at that time, or the value of materials or labor therefor, or any circumstances or facts testified to upon which the trial court could base damages occasioned by loss of profits.

2. We agree with the contention of the appellant that the plaintiff Solomon must depend only on the rights of his judgment debtor, Kenner; that the allegations, under Section 315, Or. L., must state a cause of action in favor of the judgment debtor against the garnishee, under the authority of the following cases: *Case* v. *Noyes,* 16 Or. 329, 332; *Keene* v. *Smith,* 44 Or. 525 (75 Pac. 1065); *Scheuerman* v. *Mathison,* 74 Or. 40 (144 Pac. 1177); Rood on Garnishment, § 46, p. 62.

3. We think that the allegations of the plaintiff, setting up the details, and the fact that the garnishee had $700 which rightfully belonged to the judgment debtor Charles E. Kenner, was sufficient after verdict and judgment, in the absence of any demurrer or motion directed to the pleading.

4. It is proper for the garnishee to allege and prove legal damages occasioned by Kenner's breach of the contract as a defense to the garnishee proceedings by Kenner's judgment creditor. See *Schuler* v. *Israel,*

120 U. S. 506 (30 L. Ed. 707, 708, 7 Sup. Ct. Rep. 648); note, 59 L. R. A. 389; *Keene* v. *Smith,* 44 Or. 525 (75 Pac. 1065).

5. In order for the garnishee to avail himself of the loss of profits he must show that there would have been profits if the scheme had been carried out.

6. There was testimony in the case to support the finding made by the trial court; therefore the judgment should not be disturbed.

If either of the parties had a technical reason to complain, it was the plaintiff who has not appealed. We believe on the whole that the trial court reached a just conclusion.   The judgment is affirmed.

AFFIRMED.

BURNETT, C. J., and BROWN and BELT, JJ., concur.