## Adams v. Vanhoose et al.

(Decided September 28, 1928.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error.—Where plaintiff brought action on note and caused an attachment to issue, and property, being perishable, was sold immediately for $85, and plaintiff recovered judgment for $209, but attachment was discharged, and plaintiff appealed from that part of judgment discharging attachment, amount involved on appeal was $85, and, under Ky. Stats., sec. 950, Court of Appeals had no jurisdiction.

2. Appeal and Error.—Where plaintiff recovered judgment on note for $209, but attachment on $85 worth of property was discharged, fact that lien was sought on personal property was not sufficient to give Court of Appeals jurisdiction of appeal, under Ky. Stats., sec. 950; amount in controversy being only $85.

KIRK, KIRK & WELLS for appellant.

WHEELER & WHEELER and JOHN P. CUSICK, Warning Order Attorney, for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

Appellant brought this action against appellee, Mose Vanhoose, to recover on a note for $209 and caused an attachment to issue. The only property owned by Vanhoose was a small stock of merchandise, and before the attachment was levied appellant discovered that the merchandise had been sold and delivered to appellee, George C. Brown. She then filed an amended petition, making Brown a party, and asked that the sale be declared null and void, that she be adjudged a lien on the stock of goods, and that it be sold and the proceeds applied in

satisfaction of her debt; it being alleged in the amended petition that no notice of the contemplated sale had been given to the creditors of Vanhoose, as required by sections 2651a1 and 2651a2, Kentucky Statutes, known as the Bulk Sales Law. An attachment was levied on the stock of merchandise, and, being of a perishable nature, on the motion of appellant it was sold by a special commissioner, and brought the sum of $85. Vanhoose did not deny owing the debt, but the appellees sought to have the attachment discharged on the grounds that appellant was not such a creditor as contemplated in the statute regulating sales of merchandise in bulk, and that the attached goods were exempt to Vanhoose under the exemption laws of Kentucky.

The case was submitted on the pleadings and an agreed stipulation of facts, and the court discharged the attachment, and adjudged the appellee Brown to be the owner of the stock of goods. The appellant was given judgment against Vanhoose for the amount of her claim of $209, with interest, and she has appealed from that part of the judgment discharging the attachment.

The court discharged the attachment, apparently upon the theory that the statute regulating sales of merchandise in bulk only applies to creditors for merchandise, and not to creditors for money loaned. Whether or not the lower court was correct in so construing the statute we may not determine, since the amount in controversy is not sufficient to give this court jurisdiction of the appeal.

Appellant is apparently proceeding upon the theory, either that the amount in controversy is the sum of $209, the amount sued for, or that an attachment lien on personal property gives this court jurisdiction, regardless of the amount in controversy. Appellant obtained a judgment for the amount sued for, and the attached property was sold on her motion for $85. The only thing sought to be accomplished by this appeal is to reverse the action of the lower court in discharging the attachment. The only amount involved, therefore, on this appeal is $85.

Section 950 of the Kentucky Statutes provides that no appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than $200, exclusive of interest and costs. The action is one for the recovery of money or personal property, and the appellant

has appealed from a judgment denying her a lien on $85 worth of personal property. The mere fact that a lien is sought upon personal property is not sufficient to give this court jurisdiction, where the amount in controversy is less than $200. It was so expressly decided in H. Krish Co. v. Rigsby (Ky.) 121 S. W. 479. Also see Smith v. Dungey, 178 Ky. 702, 199 S. W. 777.

The appeal, therefore, is dismissed.