Argued December 5; appeal dismissed December 19, 1933

## NORTHWEST ADJUSTMENT CO. *v.* AKERS
(27 P. (2d) 889)

*Bert W. Henry,* of Portland, for appellant.

*Chas. S. Cohn,* Deputy District Attorney, of Portland (Lotus L. Langley, District Attorney, of Portland, on the briefs), for Multnomah County.

RAND, C. J. In an action brought by plaintiff against the defendant Akers, plaintiff recovered judg-

ment for an amount in excess of $250 and caused an execution to be issued thereon and a notice of garnishment to be served on the county clerk of Multnomah county. At that time there was due and owing from the county to Akers $34.20 as a juror's fees.

Section 3-606, Oregon Code 1930, declares that any "salary", "wages", "credits" or "other personal property", in the possession or under the control of any county shall be subject to garnishment, and provides that the process in such proceeding may be served on the officer whose duty it is to issue a warrant for such "salary", "wages", "money" or "other personal property", and further provides that such officer shall not be required to answer as garnishee as to any money or property in custody of the law. The statute makes no specific mention of jurors' fees and such fees are not within the operation of the statute unless included in the words "salary", "wages", "credits" or "money". The certificate furnished by the clerk to the sheriff showed that said sum of $34.20 was due Akers as a juror's fees, but denied that such fees were attachable. This certificate being unsatisfactory to plaintiff, he caused written allegations and interrogatories to be served on the clerk, who answered as before. Upon the trial before the circuit court of the issues thus raised, it was held that jurors' fees were not subject to garnishment while in the possession of the county and that plaintiff was not entitled to judgment against the county as the garnishee defendant in the action. From this ruling, the plaintiff has appealed.

The appellate jurisdiction of this court is limited by section 7-501, Oregon Code 1930, which provides that: "no appeal to the supreme court shall be taken or allowed in any action for the recovery of money or

damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250.''

Plaintiff contends that the amount in controversy must be determined from the pleadings in the original action and not by the amount which was owed by the county and sought to be garnisheed herein. He cites in support of his contention *King v. Porter,* 113 Tex. 198 (252 S. W. 1022); *Johnson v. Joslyn,* 47 Wash. 531 (92 P. 413); *Ingham v. Harper,* 71 Wash. 286 (128 P. 675, Ann. Cas. 1914C, 528); *Lingo v. Belt,* 198 Iowa 1276 (201 N. W. 5), and *Meyer v. Perkins,* 20 Cal. App. 661 (130 P. 206). In none of these cases, except *King v. Porter,* was the question involved of the amount necessary to confer jurisdiction upon an appeal in garnishment proceedings. It must be remembered, in considering decisions from other jurisdictions, that regard must be had to the statutory or constitutional provisions involved there. In the King case it was held that a garnishment proceeding being ancillary to and a part of the original action, the court had appellate jurisdiction in such proceedings though the amount involved was less than $100, where it had jurisdiction in the original suit. That decision recites that the statute provided that the writ shall be made returnable to the court in which the judgment was rendered and that the cause should be heard and determined in that court without reference to the amount in controversy. Since we have no such statute in this state, that decision is not authoritative in this case. The Washington cases cited were based upon a constitutional provision which provided that ''appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars''. See *Ingham v. Harper & Son,*

supra, where it was said: "The framers of the Constitution must be presumed to have used the words 'original amount' advisedly. The most obvious meaning and purpose of the word 'original' in its connection is to limit the amount to the time when the matter first originates as a controversy in court; that is, to the time when the action is commenced."

In the recent case of *Moore v. Myers,* (Wash.) 27 P. (2d) 117, Mr. Justice Main, speaking for the court in holding that the appeal should be dismissed where the complaint contains numerous items, a part of which upon the trial were waived, thereby reducing the amount in controversy to less than the amount required to confer jurisdiction, said: "In the present case, the amount in controversy was the amount of the items remaining after the respondent waived certain items and thereby, in effect, struck them from the complaint. The amount over which the controversy was waged and submitted to the court was the sum of one hundred fifty dollars or less, and therefore was not within the appellate jurisdiction of this court."

We find nothing in the Washington cases cited which lends any support to plaintiff's contention that, in a garnishment proceeding, the amount in controversy is the amount sued for in the complaint or pleadings in the original action. The two cases last above cited, as supporting plaintiff's contention, merely hold that, in an appeal from an order refusing to tax costs, the appeal should not be dismissed upon the mere ground that the costs sought to be taxed are less than the amount required to confer jurisdiction upon the appellate court. Such costs, if taxed, become a part of the original judgment and, if the judgment appealed from is of a sufficient amount to confer jurisdiction upon the appellate court, it would seem that a party

deprived of his lawful costs in the action would be as much entitled to appeal as he would if deprived of some substantive part of the claim sued on.

■■ Under our statute, it has been repeatedly held that a garnishment proceeding "partakes of the nature of, and is in all essentials, a separate action or suit against the person garnished". *Salem Mills Co. v. Lord,* 42 Or. 82 (69 P. 1033, 70 P. 832) ; *Keene v. Smith,* 44 Or. 525 (75 P. 1065). And that the effect of the garnishment is to subrogate the plaintiff to the rights of the defendant and to empower him to sue the garnishee in the enforcement of such rights. *Burns v. Payne,* 31 Or. 100 (49 P. 884).

■ From the very nature of a garnishment proceeding, the enforcement of plaintiff's claim as set forth in his complaint in the original action and his enforcement in the ancillary proceeding by garnishment of a claim owing to the defendant by a third party are two entirely separate and distinct things. There is a difference between the parties and in the amounts of the two claims. The amount in controversy in the original action is the amount sued for and in the garnishment proceedings the amount sought to be garnisheed.

In *Adams v. Vanhoose,* 225 Ky. 606 (9 S. W. (2d) 722), under a statute which provided that no appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than $200, plaintiff brought an action on a note and caused an attachment to issue and personal property of the value of $85 to be attached. The plaintiff recovered judgment for more than $200, but his attachment was discharged and, upon an appeal from that part of the judgment discharging the attachment, the appeal was dismissed, the court holding that the only amount involved upon the appeal

was the value of the attached property, which, being only $85, was not sufficient to give the court jurisdiction over the appeal.

In the instant case the amount involved is only $34.20 and that sum is not sufficient under our statute to give this court jurisdiction. The appeal, therefore, is dismissed.

BEAN, CAMPBELL and BAILEY, JJ., concur.