WRIGHT ET AL. *v.* HALEY, SR.
[No. 26,056. Filed March 13, 1935.]

*Edwin E. Thompson, Johnson & Zechiel,* and *Williams & Pell,* for appellants.

*J. W. Haley,* and *F. T. Boyden,* for appellee.

FANSLER, C. J.—Appellee was plaintiff below. He alleged that he was the owner of a certain building which he leased to appellant Trees for a period of five years beginning March 1, 1929; that said appellant occupied and used said building as a hardware store; that in April, 1931, the said Trees sold his stock of hardware, merchandise, and fixtures to appellants, Wright and Todd, without complying with the bulk sales law (§§8052-8054, Burns 1926, §§33-201-33-203, Burns 1933, §§14858-14860, Baldwin's 1934). He asked judgment declaring appellants, Wright and Todd, receivers for the stock of merchandise and fixtures, as provided by statute. There was judgment as prayed, and appellants, Wright and Todd, were required to give bond as receivers.

The errors assigned involve but two propositions. It is first contended that the judgment is erroneous because there was no evidence showing that there had been a sale of the merchandise and fixtures prior to the filing of the original complaint on April 28, 1931. The trial was on May 20, 1931. Appellant Trees testified that he had sold the business to Wright and Todd, for $3,000, three weeks before. A newspaper advertisement published on April 27, 1931, the day before the complaint was filed, was exhibited to Trees, who testified that he had seen the advertisement and that he thought it referred to the same stock of goods that he had sold to Wright and Todd. A copy of the advertisement was admitted in evidence, which appellants claim was error. The fact of the sale by Trees to the other appellants was not denied or disputed. The only purpose of the evidence was to fix the time of the sale. Trees was a defendant. It was within the discretion of the trial court to permit the plaintiff

to examine him under the rules applicable to cross-examination of an adverse witness. His testimony in connection with the newspaper advertisement was sufficient to sustain an inference that he had delivered possession of the merchandise and fixtures to Wright and Todd at the time the advertisement appeared. It was proper to admit the advertisement in evidence for that purpose.

Appellants' second proposition is that the evidence wholly fails to show that Trees had any creditors, as contemplated by the bulk sales law, at the time the sale was made. There was no evidence that there were other creditors than appellee, and it is contended that appellee was not a creditor at the time the sale was made, for the reason that the rent had been paid up to and including the last day of April, 1931; that, therefore, there was no rent due or past due on the date of the sale; and that the obligation to pay rent for the remainder of the term of the lease did not make Trees a debtor or appellee his creditor.

In the case of *Geo. Kraft Co.* v. *Heller* (1919), 188 Ind. 612, 125 N. E. 209, this court pointed out the analogy between the remedies provided by the bulk sales law and actions by creditors to set aside fraudulent conveyances. The court said:

> "Under the statutes of this state as existing prior to the enactment of the one under consideration, the question as to whether a conveyance of lands or an assignment or transfer of personal property was or was not made with a fraudulent intent for the purpose of defrauding, hindering or delaying creditors was one of fact. . . . Under the law as it so stood, the court or jury trying the case was required to decide from the facts and circumstances that a fraudulent intent did or did not exist as a fact. It must be assumed that some reason known to the legislature existed which led that

body to the conclusion that the rule requiring fraudulent intent to be proved as a fact from subsidiary facts and circumstances disclosed by the evidence should be abrogated in cases involving the sale of stocks of merchandise in bulk." (p. 614.) And again:

"The statute refers in general terms to the creditors of the seller without any exceptions or reservations. The statute does not except from its operation claims which are secured, nor does it except disputed claims which are in litigation. The language being clear, the court has no power to engraft on the statute exceptions which the legislature did not see fit to make." (p. 618.)

It is clear that Trees was obligated under the lease to pay appellee the rent for the building for the full term. The premises had been delivered to and accepted by Trees, and, as between the parties to the lease, Trees was in possession. Appellee was not required to accept a surrender of the premises, nor is it shown that they had been surrendered, or that he did accept a surrender. Nor is there any effort to show, or rely upon, any breach of the covenants of the lease by appellee. The lessee's obligation to pay the installments for the full term is no different than the obligation to pay partial payments for merchandise delivered, and accepted, and in possession. It is no different than the obligation to pay for merchandise sold, to be paid for at a future date, which has not arrived, or to pay a promissory note given for merchandise, or for money, which has not matured.

It is well settled that a creditor may maintain an action to set aside a fraudulent conveyance, although his debt is not due. It was held in *Bowen* v. *State ex rel. Bradbury* (1889), 121 Ind. 235, 23 N. E. 75, that a surety on a guardian's bond, on which no obligation or liability has accrued, cannot give away all his property to the detriment of those for whose benefit the bond is given, and that an action to set aside a conveyance

as fraudulent, under such circumstances, will be sustained.

No reason is suggested, or do we find a reason, why a creditor who might maintain an action to set aside a fraudulent conveyance, might not also maintain an action under the bulk sales law.

Judgment affirmed.