Motion to dismiss appeal denied May 18; argued on the merits
September 7; affirmed September 21, 1937

# ELECTRICAL PRODUCTS CORPORATION OF OREGON *v.* ZIEGLER DRUG STORES, INC.

(68 P. (2d) 135, 71 P. (2d) 583)

*Ralph B. Herzog*, of Portland, for appellant.

*Joseph, Veatch & Bradshaw*, of Portland, for respondent.

BEAN, C. J. This is a motion to dismiss the appeal. On April 29, 1929, plaintiff, Electrical Products Corporation of Oregon, entered into a contract with Ziegler Drug Stores, Inc., a corporation, to install and lease to said Ziegler Drug Stores certain advertising signs known as "Claude Neon Sign" and to maintain and service said signs.

The facts are stated substantially as follows: The Ziegler Drug Stores operated 15 stores in the city of Portland, and this contract applied to these various stores. The contract contained a provision to the effect that, if there should be a default on the part of the Ziegler Drug Stores under the contract and the Ziegler Drug Stores should become guilty of a breach of the lease agreement, then the rights of the Ziegler Drug Stores should cease and terminate, and as liquidated damages there would be due the plaintiff a sum equal to 90 per cent of all installments of rent for the remainder of the period specified in the lease agreement. The Ziegler Drug Stores defaulted and went out of business prior to the time that all the installments under the lease agreement were paid, and thereafter the plaintiff brought an action against the Ziegler Drug Stores upon the theory that there was due and payable to plaintiff from the Ziegler Drug Stores the liquidated damages, 90 per cent of the remaining unpaid installments under the contract.

Upon the trial in the circuit court, judgment was entered against the Ziegler Drug Stores on plaintiff's theory of liquidated damages. An appeal from the judgment was taken to the supreme court, as reported in 141 Or. 117 (10 P. (2d) 910, 15 P. (2d) 1078). The court declined to accept the plaintiff's theory that the provision of said contract was for liquidated damages, but that said provision was in the nature of a forfeiture

and therefore the plaintiff could not recover under that theory of the case, and the case was reversed and remanded for a new trial. Upon retrial of the case the plaintiff adopted the theory of general damages, and it appeared from plaintiff's pleadings that it was asking judgment for the sum of $472, the accrued and unpaid installments under the lease contract for November and December of 1930, and January of 1931, and for a further sum as damages for the breach of the contract by the Ziegler Drug Stores. Judgment was entered in the cause for $472, accrued and unpaid monthly installments, and the sum of $8,838.82, as damages for breach of the contracts by the Ziegler Drug Stores, and for attorneys' fees, costs and disbursements. On October 30, 1934, plaintiff filed in the circuit court certain second amended allegations against the garnishee herein named, and other garnishees.

Thereafter, and within time, Lee H. Witty, the garnishee, filed a motion against said allegations to strike therefrom all of the allegations with reference to any sums of money allowed in the judgment in the Ziegler Drug Stores case, pertaining to damages and attorneys' fees.

The circuit court allowed respondent Witty's motion to strike the parts moved against from plaintiff's second amended allegations. This order was made June 22, 1936.

The garnishee states that no appeal has been made from this order and more than 60 days have elapsed since the entry thereof. Thereafter, on July 1, 1936, plaintiff moved the court for judgment in the sum of $9,043.22, and the further sum of $2,000, as attorneys' fees, and a further sum of $24 as costs and disbursements for the reason that said garnishee was given five days from June 22, 1936, within which to plead, and

more than five days had elapsed and the garnishee had not pleaded against plaintiff's second amended allegations with the portions thereof stricken by order of the court. Thereafter, on August 18, 1936, pursuant to plaintiff's said motion for judgment on the pleadings, the court entered an order against the garnishee herein for the sum of $472.

■ The garnishee moves the court to dismiss plaintiff's appeal for the following reasons: (1) That the judgment appealed from is not an erroneous or void judgment. Said judgment was entered upon appellant's motion for a judgment upon the pleadings and was entered in conformity with the pleadings at the time of the submission of said motion for judgment; (2) that appellant's assignment of error No. 1 has no relative connection with assignment of error No. 2; "That assignment of error No. 1, to wit, the claimed error in the granting of the garnishee's motion to strike certain parts of plaintiff's allegation, is a final order from which appellant was entitled to appeal, and that said appellant has not appealed from said order and by filing its motion with the court for judgment on the pleadings has waived all the matters contained in assignment of error No. 1;" (3) that there is nothing now before the court showing any error of the trial court in the determination of this case. The third reason stated seems to pertain more particularly to the merits of the case, with which we do not deal upon the motion to dismiss.

Section 7-501, Oregon Code 1930, as far as applicable to the present case, provides:

"A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judg-

ment or decree therein, or an interlocutory decree in a suit for the partition of real property, * * * or a final order affecting a substantial right, and made in a proceeding after judgment or decree, * * *."

■ A garnishment proceeding partakes of the nature of, and is in all essentials, a separate action or suit against the person garnisheed: *Keene v. Smith,* 44 Or. 525 (75 P. 1065); *Northwest Adjustment Co. v. Akers,* 145 Or. 341 (27 P. (2d) 889). Garnishment proceedings are special proceedings after judgment. The allegations correspond to the complaint in a suit or action. It has never been permissible to appeal from an order striking out a portion of a complaint before the final judgment in the case. The proper proceeding is to terminate the case by a final judgment and appeal from the judgment and thereby bring up the interlocutory order. The order striking out a portion of plaintiff's allegations in regard to damages no doubt affected the substantial right of the plaintiff, but the proceedings on their face show that it was not a final order. The matter was still before the court and a final judgment was rendered thereafter for $472. During the intervening time, between the order to strike out a portion of the allegations and the judgment, the action was not determined so as to prevent a judgment therein, but necessitated a judgment.

■ In *Winters v. Grimes,* 124 Or. 214 (264 P. 359), we read:

"One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which con-

cludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it?' "

■ The trial court concluded the matter by rendering the judgment for $472, thereby concluding the parties as regards the subject matter there in controversy. Until such final judgment was rendered the matter was in the breast of the court. It would have been possible for the court to have permitted the plaintiff to amend his allegations, or the court could, if it had seen fit, change its decision and render the judgment for a larger amount.

The order sustaining the motion to strike certain portions of plaintiff's allegations is not final in any sense of the word; neither is it an interlocutory order of the kind from which an appeal will lie: § 7-501, Oregon Code 1930; *Hubbard v. Olsen-Roe Transfer Co.,* 101 Or. 168 (199 P. 187) ; *La Grande v. Portland Public Market,* 58 Or. 126, 134 (113 P. 25) ; 2 R. C. L. 44, § 26; 3 C. J. 446, § 259; 4 C. J. S. 190, § 95.

■ The next contention is that plaintiff, by asking for a judgment on the pleadings, waived his right to appeal. To this contention we are unable to accede. It was about the only thing that plaintiff could do to wind up the case and get it in shape so that it could appeal. A waiver has been defined as a voluntary and intentional relinquishment or abandonment of a known, existing legal right: 67 C. J. 289, § 1. Plaintiff did not evince any intention to relinquish the right to appeal and it could hardly be called a voluntary act, having a judgment entered for less than the claim, under the circumstances.

We think plaintiff had a right to appeal from the judgment herein. The motion to dismiss the appeal is denied.

Argued on the merits September 7; affirmed September 21, 1937

ON THE MERITS

(71 P. (2d) 583)

*Ralph B. Herzog*, of ·Portland (Carey Martin, of Portland, on the brief), for appellant.

*R. C. Bradshaw*, of Portland (Joseph, Veatch & Bradshaw, of Portland, on the brief), for respondent.

KELLY, J.   Lee H. Witty, garnishee, having made an unsatisfactory return upon notice of garnishment served upon him pursuant to a writ of execution issued upon the judgment rendered herein August 9, 1933, in favor of plaintiff and against defendant in the sum of $9,034.32 damages, and $2,000 attorneys' fees together with interest thereon at the rate of 6 per cent, from date of judgment and $24 costs and disbursements, allegations and interrogatories were served upon said garnishee.   Said allegations were in part to the effect that defendant had sold to said garnishee a stock of

goods and merchandise; that said garnishee, as the purchaser of said stock of goods, failed to comply with the Bulk Sales Law (Sections 64-101 and 64-102, Oregon Code 1930), in that he had not demanded or received from defendant a list of creditors of said defendant together with the amounts of their respective claims and had not notified plaintiff or caused plaintiff to be notified of said sale. It appears in plaintiff's brief that the sale of said stock of goods by defendant to said garnishee was consummated early in 1931, which, it will be noted, was more than two years before plaintiff's judgment was rendered.

To the said allegations, said garnishee filed a motion to strike those parts thereof dealing with the portion of plaintiff's judgment based upon damages accruing by reason of defendant's failure to perform a certain contract whereby defendant leased certain neon electric signs at a monthly rental of $17.50 each. Plaintiff had terminated and canceled said contract because of defendant's default in payment of said monthly rental at a time when there had accrued as such rental for the months of November and December, 1930, and January, 1931, the sum of $472.

Plaintiff interposed a motion for judgment on the pleadings against said garnishee in the full sum of plaintiff's said judgment against defendant including both said accrued rental and said damages. From an order sustaining said garnishee's motion to strike parts of said allegations and rendering judgment in favor of plaintiff and against said garnishee for said accrued rental in the sum of $472, plaintiff prosecutes this appeal.

The crucial question here is whether a party holding an unliquidated claim is a creditor within the meaning of the Bulk Sales Law. The trial court held that

plaintiff was a creditor within the meaning of said law only to the extent that plaintiff's claim against defendant was liquidated when the transfer of said stock of goods was made by defendant to said garnishee.

On a former hearing of the original case between plaintiff and defendant, this court held that the provision was unenforceable in said contract between plaintiff and defendant to the effect that in case of default or breach of any of its terms, plaintiff might cancel the contract and recover 90 per cent of all sums to become due thereon as liquidated damages: *Electrical Products Corporation v. Ziegler Drug Stores, Inc.*, 141 Or. 117, 120, 125 (10 P: (2d) 910, 15 P. (2d) 1078).

Plaintiff relies strongly upon the case of *Fischer v. Rio Tire Co.* (Tex.) 65 S. W. (2d) 751. In that case, the sale of the stock of merchandise was made on March 11, 1929. One Segall sold said stock to the defendant Rio Tire Company. The Spectralite, Inc., was plaintiff. Fischer and others were interveners. Plaintiff's amended pleadings alleged that its debt due by Segall was by virtue of a contract, in which Segall promised to pay the plaintiff certain rentals on an electric lighted sign and there was a balance due of $5,600, and that Segall agreed to pay three-fourths thereof amounting to $4,200; that in December, 1928, plaintiff filed a suit against Segall and recovered a final judgment against him in the sum of $4,700, together with interest and court costs.

The Texas court made an order that judgment should be entered in favor of plaintiff, Spectralite, Inc., for the sum of $4,700 with interest thereon at the rate of 6 per cent per annum from November 1, 1928, and costs incurred. In that case, the trial court found that on March 11, 1929, *and prior thereto*, Segall was

indebted to the Spectralite, Inc., in the sum of $4,700, with interest thereon at 6 per cent per annum from and after November 1, 1928. There is no suggestion in the opinion that at the time of the transfer of the stock of goods by Segall to the Rio Tire Company, namely, on March 11, 1929, the claim of Spectralite, Inc., was unliquidated. In other words, the question confronting us in the case at bar was not discussed by the Texas court in the case mentioned.

■ *Hartwig v. Rushing*, 93 Or. 6 (182 P. 177), is also urged by plaintiff as an authority in conflict with the holding of the trial court. There, the claim was evidenced by a promissory note for money loaned. A debt is liquidated when it is certain how much is owing. Obviously, in *Hartwig v. Rushing,* supra, the claim considered was not unliquidated.

■ Plaintiff calls attention to the failure of the garnishee to distinguish an Indiana case, cited by plaintiff, from the instant case. The Indiana case mentioned is *Wright v. Haley,* 208 Ind. 46 (194 N. E. 637). The obvious distinction is that in the Indiana case the lessor had not terminated and canceled the lease and prosecuted his claim for damages for its breach. The terms of the lease rendered certain the amount of the lessor's claim. In the case at bar, as to the portion of the claim in dispute, the amount thereof did not become certain until final judgment had been rendered.

The only cases in point, to which our attention has been called, support the judgment of the learned trial judge. We think no error was committed in following the doctrine of those cases. They are cited in 84 A. L. R. at page 1413 and 102 A. L. R. at page 567. They are *Griffin v. Allis-Chalmers Mfg. Co.*, 65 N. D. 379 (259 N. W. 89) ; *Superior Plating Works v. Art Metal Crafts Co.*, 218 Ill. App. 148; *Stony Island Trust & Savings*

*Bank v. Stony Island State Savings Bank,* 240 Ill. App. 195; *Harry B. Smead Co. v. J. Oliver Johnson,* 262 Ill. App. 385.

The Stony Island case above cited deals with a claim based upon tort.

Besides the foregoing authorities, the cases of *Apex Leasing Co., Inc., v. Litke,* 173 App. Div. 323 (159 N. Y. S. 707), and *Adams-Flannigan Co. v. Di Donato,* 180 App. Div. 342 (167 N. Y. S. 948), affirmed, 228 N. Y. 542 (126 N. E. 898), are closely analogous.

We quote from the opinion in *Griffin v. Allis-Chalmers Manufacturing Co.,* supra:

"Did the Legislative Assembly, in speaking of a 'creditor' or 'creditors' of the seller, transferrer, or assignor of a stock of merchandise have in mind a creditor as defined by section 7216 supra? In short, did the Legislative Assembly intend that every creditor, as defined by section 7216, supra, should be a creditor within the purview of the Bulk Sales Law; or did it intend that the term 'creditor' should have a more limited meaning? A creditor as defined by section 7216, supra, includes every person 'in whose favor an obligation exists by reason of which he is or may become entitled to the payment of money.' A creditor as thus defined includes the holder of a claim for a possible contingent liability, or the holder of an unliquidated claim, and without regard to whether the claim arises in tort or in contract. It includes every possible claim that may be discharged by the payment of money and that may be made the basis of a judgment for money. A majority of the court are of the opinion that the very language of the Bulk Sales Act negatives any intention that the act should apply to the holders of a contingent or unliquidated claim, because it provides that the seller, transferrer or assignor shall prepare 'a written list of names and addresses of the creditors of the seller, transferrer and assignor with the amount of indebtedness due or owing each and certified by the seller, transferrer and assignor under oath to be a full, accurate

and complete list of his creditors and of his indebtedness.' This language clearly indicates that the claims required to be listed must be liquidated claims, and that it was not intended that all possible contingent and unliquidated claims should be listed. In short, the court is of the opinion that the provisions of the Bulk Sales Law do not apply to an uncertain, unliquidated or contingent claim arising either in tort or in contract."

As to the character and content of the statement required, the Oregon statute is very similar to that of North Dakota above quoted.

We quote the clause of the Oregon statute prescribing the character of the statement required:

"* * * A written statement under oath containing the names and addresses of all of the creditors of said vendor, together with the amount of indebtedness due or owing, or to become due or owing, by said vendor to each of such creditors." Section 64-101, Oregon Code 1930.

For these reasons, the judgment of the circuit court is affirmed.

BAILEY and LUSK, JJ., did not participate in this opinion.