Argued May 4, affirmed October 9, 1972

VERRET, *Respondent, v.* LEAGJELD, *Appellant.*

501 P2d 780

*Richard V. Bayless,* Portland, argued the cause for appellant.

*Robert E. Swift,* Newberg, argued the cause for respondent.

McALLISTER, J.

This is a damage action for a breach of contract in which the jury awarded plaintiff $5,000 and defendant appeals. We affirm.

Defendant was awarded a contract to build an addition to the Newberg High School. When it became known that defendant was the low bidder, plaintiff submitted to defendant an offer to do the excavation, site preparation, and fill work on the job for a specified price. After a discussion between plaintiff and defendant plaintiff's proposal was slightly modified, the price was adjusted to $21,512 and the proposal, as modified, was accepted by defendant.

Plaintiff took initial steps to perform the contract, but about a week after defendant's contract with the school district was executed he notified plaintiff that he had engaged another subcontractor to do plaintiff's work and requested plaintiff to remove his equipment from the jobsite. Plaintiff thereafter brought this action for damages consisting solely of loss of anticipated profits in the sum of $11,494.23.

There is no issue on appeal concerning the making of the contract nor its breach. Defendant contends only (1) that plaintiff failed to prove that he was the real party in interest and (2) failed to offer evidence sufficient to support a verdict for loss of profits.

█ Defendant's first contention is quickly disposed of. In the caption of the complaint and all other documents, including the judgment, Leroy J. Verret, doing business as Verret Construction Company, is named as plaintiff and Raymond L. Leagjeld, doing business as Leagjeld Construction Company, is named as defendant. The complaint alleges a contract between plaintiff and defendant and throughout the trial it was clear to everyone that the issues arose out of the alleged breach of a contract between plaintiff and defendant, as individuals, each doing business under an assumed name.

The statutory requirement that an action be prosecuted in the name of the real party in interest, ORS 13.030, was discussed in *Sturgis v. Baker,* 43 Or 236, 241, 72 P 744 (1903):

"The statute requiring that every action shall be prosecuted in the name of the real party in interest * * * was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause. But if not cut off from any just

offset or counterclaim against the demand, and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end. * * *"

The above statement has frequently been quoted in later cases. It is clear that plaintiff Leroy J. Verret was doing business as an individual under an assumed name and there is no evidence to the contrary. It is also clear that defendant's interests have been fully protected and that he has no basis for complaint.

■ Defendant, by a motion for a nonsuit and for a directed verdict, challenged the sufficiency of the evidence to support a verdict for loss of profits. Our most recent statement of the applicable rule of law was contained in *Sachs v. Precision Products,* 257 Or 273, 285, 476 P2d 199 (1970) as follows:

"It is now the established rule in Oregon that in order to recover damages for lost profits, both the existence and the amount of such profits must be proved with reasonable certainty. *Douglas Construction Corp. v. Mazama Timber Products, Inc.,* 256 Or 107, 471 P2d 768 (1970), and cases cited therein. * * *"

It is apparent from reading our cases that the essential ingredient of proof of lost profits to a reasonable certainty is supporting data. Where there has been supporting data we have approved the recovery of lost profits. *Sachs v. Precision Products,* supra; *Furrer v. Int'l Health Assurance,* 256 Or 429, 474 P2d 759 (1970); *Preble v. Hanna,* 117 Or 306, 244 P 75 (1926). See, also, *Smith v. Abel,* 211 Or 571, 316 P2d 793 (1957) (distinguished on this ground in *Douglas Const. v. Mazama Timber,* 256 Or 107, 471 P2d 768 (1970)). Where supporting data was lacking we have denied recovery. *Pearson v. Schmitt,* 259 Or 439, 487 P2d 84, modified

260 Or 607, 492 P2d 269 (1971); *Douglas Const. v. Mazama Timber,* supra; *Randles v. Nickum & Kelly S. & G. Co.,* 169 Or 284, 127 P2d 347 (1942); *Solomon v. Kenner,* 121 Or 407, 255 P 471 (1927); *Hagestrom v. Sweeney,* 60 Or 433, 119 P 725 (1912). See, also, *Brenneman v. Auto-Teria, Inc.,* 260 Or 513, 491 P2d 992 (1971).

In this case plaintiff offered ample supporting data to justify his verdict. The total income was fixed by the contract. Plaintiff testified in detail to all of his estimated expenses, including labor and the charges incidental thereto, the rental of equipment, including fuel to operate it, the agreed prices for fill material and the estimated cost of other items of expense. The defendant contended that plaintiff estimated his expenses too low, but did not contend that he omitted from his calculations any additional prospective expenses which would necessarily be incurred. Plaintiff also introduced evidence corroborating his testimony as to the cost of fill material and other items of expense.

■ The jury also had for comparison the testimony of Lee Bloom, the contractor who performed the subcontract and was called as a witness by the defendant. Bloom testified in detail as to all of the expenses which he actually incurred in performing the contract at a total cost of $23,523.45. Defendant argues that, because Bloom, an experienced contractor, lost money on the job, the jury should have found for defendant. However, the jury was not bound to so find. Plaintiff testified that he would have started the job sooner than Bloom did and have finished the grading and filling in good weather instead of performing the work in rain and mud as Bloom, who started sometime later, was forced to do.

■ Defendant also points out plaintiff's lack of experience and his failure to show that he had earned a profit in the past from similar jobs. Although the failure to earn a profit in the past may be controlling in some cases, this is not such a case. Plaintiff had been engaged in business for himself for about three years in the same kind of work involved in his contract with defendant. He did not testify to the amount of his earnings or profits from any prior job, but it appeared from his testimony that he had been able to make a living for himself, his wife, and his eight children. Under these circumstances, and in view of the nature and extent of the supporting data offered by plaintiff, his lack of extensive experience and the paucity of the evidence about his prior profits affected his credibility and the weight of his evidence, which were questions for the jury.

The judgment of the trial court is affirmed.

TONGUE, J., concurs in the result.