Argued September 11, affirmed October 4, 1973

# BEST LOGGING CO., *Respondent, v.*
# BEVENS ET AL, *Appellants.*

514 P2d 555

*William E. Brickey,* Albany, argued the cause for appellants. With him on the briefs were Weatherford, Thompson, Horton & Jordan P.C., Albany.

*James Eickelberg,* Corvallis, argued the cause and filed the brief for respondent.

Holman, J., did not participate in this decision.

TONGUE, J.

This is an action for damages for breach of a logging contract. After a jury trial a verdict and judgment were entered awarding plaintiff the sum of $11,255.05. Defendants appeal. We affirm.

Defendants' principal contention is that plaintiff's evidence of damages was "speculative in nature" and without sufficient "supporting data" to satisfy the requirements adopted by this court in *Douglas Const. v. Mazama Timber*, 256 Or 107, 471 P2d 768 (1970), and other related cases.

To summarize the facts of this case would serve no useful purpose. Suffice to say that we have examined the entire record, including the testimony of Mr. Best and the various schedules and other documents offered by him as the basis for his testimony. After doing so we agree with the decision by the trial judge in denying defendants' motions for nonsuit and directed verdict by holding, in effect, that there was sufficient "supporting data" in this case so as to make it proper to submit the issue of damages to the jury.

This is not a case such as *Douglas*, in which the plaintiff did not perform a logging road construction contract, but sued for alleged loss of profits based upon a bare "estimate" of what his profits would have been if permitted to perform the contract, without "supporting data" that was admitted to be "a simple matter" to produce. See 256 Or at 113, 115.

■ In this case plaintiff's performance of the work was not prevented, but delayed, allegedly on order by defendants, and the claim is for damages resulting from the delay. "Supporting data" was offered in the

form of evidence of various items of increased or additional cost and loss resulting from the delay in performance. Further "supporting data" was offered to show the amount of timber removed, the amount of alder logs left on the ground and which allegedly became unmarketable because of such delays in performance, together with the market price of alder logs during the period involved. Other "supporting data" was also offered in evidence. Cf. *Verret v. Leagjeld,* 263 Or 112, 501 P2d 780 (1972), and *Schafer v. Sunset Packing,* 256 Or 539, 474 P2d 529 (1970).

■ We have also considered defendants' contention that defendants did not order plaintiff to delay the delivery of logs, but only requested plaintiff to do so, and that plaintiff agreed to that request. We believe, however, as did the trial judge, that there was sufficient evidence so as to make this a jury question.

In addition, we have considered defendants' various other assignments of error and find them to be without merit.

Affirmed.