Argued December 5, affirmed December 29, 1961

# COASTAL ADJUSTMENT BUREAU, INC. *v.*
## HUTCHINS and UNITED SAW
## SERVICE
### 367 P. 2d 430

*Edward N. Fadeley,* Eugene, argued the cause and filed briefs for appellant.

*Sidney B. Lewis, Jr.,* Corvallis, argued the cause and filed a brief for respondent.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

Plaintiff, a judgment creditor of one Hutchins, appeals from a judgment exonerating a garnishee in proceedings to enforce creditors' remedies pursuant to ORS 29.270 through 29.370.[1]

At all material times Hutchins was employed by United Saw Shop as a salesman. His compensation was an agreed commission out of which he was to pay all his expenses. There were two successive notices of garnishment. The present controversy arises from returns made by United showing no money due Hutchins. Hutchins was at all material times overdrawn on the books of his employer. There was no proof of fraud nor of a collusive scheme to hinder or delay creditors.

The question for decision is whether an employer-garnishee upon the receipt of the notice of garnishment must accelerate the maturity of advancements and actually take his setoff against his debtor-em-

---

[1] ORS 29.270 provides: "Any person, association or corporation mentioned in subsection (3) of ORS 29.170, from the time of the service of a copy of the writ and notice as therein provided, shall, unless the attached property is delivered or attached debt is paid to the sheriff, be liable to the plaintiff for the amount thereof until the attachment is discharged or any judgment recovered by him is satisfied. Such property may be delivered or debt paid to the sheriff without suit, or at any time before a judgment against the garnishee, and the sheriff's receipt shall be a sufficient discharge."

ploye's accrued but unpaid earnings. Presumably thereafter a subsequent garnishment will yield something to a creditor if the account is not again overdrawn. In the case of a garnishment upon a bank, we have held that the bank must actually apply the balance in a depositor's account to any demand notes or matured receivables in its hands if the bank is to enjoy its right of setoff against its depositor in preference to the competing rights of attaching creditors. See *Prudential T. Co. v. Merchants' Nat. Bk.*, 66 Or 224, 133 P 1191. In the bank-garnishee cases, it appears that the bank may be estopped to exercise its right of setoff if it permits the depositor to draw upon his deposits after notice of garnishment. See Annotation, 143 ALR 453. The judgment creditor in the case at bar insists that the same rule should apply to a garnishment upon an employer.

There are authorities elsewhere which require the employer to reckon the accounts and actually set off all debts owed by the employe upon receipt of a notice of garnishment, if the employer is to have the right to avail himself of the setoff in the future. Thereafter, as subsequent notices of garnishment are presented, the indebtedness of the employe to the employer presumably would be reduced to the point where a balance in favor of the employe might eventually result and fall into the waiting hands of the creditor, if the employer-employe relationship should survive so long. The cases which appear to support such a rule, however, frequently have in their factual setting some element of colorable conduct which makes it appear that the overdrawn employe is using his overdrafts as a shield to hinder his other creditors. See, e.g., *Ralston Purina Co. v. King,* 101 SW2d 734 (Mo App 1937). In such cases the better rule would appear to be one which

recognized the fraudulent nature of the scheme and granted relief accordingly.

Another line of cases treats the relationship between the overdrawn employe and his employer as an open account, the settlement of which is the subject of a contract between the parties. Under these cases, acceleration is not forced upon the parties at the option of the third-party creditor. Thus, if an employe commonly draws a weekly or monthly advance against future commissions, an attaching creditor may not, merely by serving a notice of garnishment, force the employer to wash out the debtor's earned commissions against the balance in favor of the employer, so long as there is no proof of bad faith. In other words, a *bona fide* drawing account is permitted to operate as contemplated by the employer and his employe. The cases which follow this course appear to have reached a practical result. To permit a creditor to accelerate the settlement of accounts between the employer and the employe in many cases could result in the untimely termination of a relationship which is valuable to both parties thereto, and one which is consistent with the public interest in gainful employment. The disappointed creditor, on the other hand, is no worse off than any other creditor who seeks to attach a debt and finds that there is none owed.

It is not necessarily a fraud upon creditors for an employer to pay his employe in advance, particularly if such an arrangement is demanded by the employe as a condition of performing the desired services. *Logan v. Bradford,* 308 Ky 869, 215 SW2d 987; 4 Am Jur 754, Attachment and Garnishment § 319. Other cases to like effect may be found in the Annotation, 56 ALR 601, 641.

■ We approve the rule adopted by the trial court

in the case at bar: Where an employer in good faith advances expense money and a drawing account to a salesman in anticipation of future sales and commission, the employer is not liable to creditors of the employe upon a notice of garnishment returned "nothing owing", so long as the return honestly reflects the state of the account between the parties, and so long as the account between the parties is a *bona fide* account reflecting transactions directly and necessarily connected with the employment relationship. A drawing account is a well-recognized modern business method of furnishing the employe with maintenance while he is performing valuable services from which earnings will accrue. *Packard Motors Co. v. Tally,* 212 Ala 487, 103 So 455.

■ A garnishment does not give the plaintiff any greater rights against the garnishee than the defendant himself possesses, except in case of fraud. *Meier v. Hess,* 23 Or 599, 32 P 755. In the instant case, it is clear that the debtor-employe could not have maintained an action against his employer for the recovery of commissions because he was overdrawn at all times. While we have held that a debt may be subject to the rights of an attaching creditor in certain cases even though something remains to be done by the defendant to make the claim payable, *Fireman's Fund Ins. Co. v. Walker et al.,* 132 Or 73, 282 P 230, we have found no case in which we have held that an unmatured debt, or a debt exceeded by *bona fide* setoffs, could be declared mature and collectible at the option of a creditor.

We have not been shown a compelling reason for indulging in a strained construction of the garnishment statutes merely to permit the general creditors

of one party to a contract to disrupt the advantageous contractual relationship between the debtor and a stranger to whom he has bargained his personal services in good faith.

Affirmed.