PER CURIAM.
These consolidated appeals are from an order garnishing Gherman’s salary. In Case No. 83-2938, Financial & Investment Planning, Inc. (Gherman’s employer and the garnishee, hereafter FIP) contends that since, without dispute, no salary or other debt was due from it to Gherman[1] at the *1023 time of the service of the' writ of garnishment or any time between such service and the time of FIP’s answer, the trial court erred in ordering garnishment. We agree with this contention and reverse the order of garnishment.
Section 77.06, Florida Statutes (1979), limits the liability of a garnishee to those “debts due by him to defendant ... at the time of the service of the writ or at any time between service and the time of his answer.” See Chaachou v. Kulhanjian, 104 So.2d 23, 25 (Fla.1958) (future earnings not subject to garnishment; garnishee-employer answerable only for “any earnings of the defendant that were accrued and unpaid at the time the writ was served and thereafter earned by the defendant, up to the date of the filing of the garnishee’s answer, but not beyond that date”); West Florida Grocery Co. v. Teutonia Fire Insurance Co., 74 Fla. 220, 77 So. 209 (1917) (contingent indebtedness not subject to garnishment); Miami Herald Publishing Co. v. Payne, 345 So.2d 730 (Fla. 3d DCA 1977) (future wages cannot be garnished), reversed on other grounds, 358 So.2d 541 (Fla.1978). The writ of garnishment in the present case was served on FIP on November 20, 1980, and FIP served its answer on November 24, 1980. However, consistent with long-standing contractual arrangements, FIP had paid Gher-man’s November salary at the beginning of the month, and there was no salary owing to Gherman from FIP within the time of the described five-day period.
The trial court nevertheless concluded that “[t]he fact that Defendant, Gher-man, received income in advance does not prevent the garnishment from taking effect since this manner of payment merely circumvents the fact that Mr. Gherman was receiving monies during the time in question.” In our view, this conclusion is inconsistent with the rule that:
“Where an employer in good faith advances expense money and a drawing account to a salesman in anticipation of future sales and commission, the employer is not liable to creditors of the employe upon a notice of garnishment returned ‘nothing owing’, so long as the return honestly reflects the state of the account between the parties, and so long as the account between the parties is a bona fide account reflecting transactions directly and necessarily connected with the employment relationship. A drawing account is a well-recognized modern business method of furnishing the employe with maintenance while he is performing valuable services from which earnings will accrue. Packard Motors Co. of Alabama v. Tally, 212 Ala. 487, 103 So. 455.”
Coastal Adjustment Bureau, Inc. v. Hutchins, 229 Or. 418, 422, 367 P.2d 430, 432 (1961).
There being no finding by the trial court that the salary advance made to Gherman by FIP was not made in good faith, the trial court’s conclusion cannot stand.
In Case No. 83-2976, Gherman (the defendant and judgment debtor) appeals from that part of the order finding that he is not the head of the household and that, therefore, his wages are not exempt from garnishment proceedings under Section 222.11, Florida Statutes (1979). This appeal is dismissed as moot in light of our reversal of the garnishment order in Case No. 83-2938.[2]
Reversed.

. Although property of the defendant in the possession or control of a garnishee during the pertinent time is also subject to garnishment, the creditor makes no claim here that FIP possessed or controlled such property.

. Whether Gherman was the head of the household is a question of fact, see Holden v. Estate of Gardner, 420 So.2d 1082 (Fla.1982), which in the present case was resolved adversely to Gher-man based on substantial and competent evidence. Whether this finding, made in June 1983, will have any res judicata effect in any future proceedings against Gherman's employer to garnish wages remains to be seen.