FERGUSON, Judge
(dissenting).
The trial court found in paragraph 2 of the Order on Writ of Garnishment:
The fact that Defendant, GHERMAN, received income in advance does not prevent the garnishment from taking effect since this manner of payment merely cir *1024 cumvents the fact that [he] was receiving monies during the time in question.
Considered in context, the word “circumvents,” as used by the trial court, fairly 'suggests something contrary to “good faith” or “bona fide.” This case is thus distinguishable from Coastal Adjustment Bureau, Inc. v. Hutchins, 229 Or. 418, 367 P.2d 430 (1961) upon which the majority relies. The finding that the payment-in-advance arrangement was not in good faith is supported by the evidence.
Mr. Gherman testified that he resides in a house owned solely by his wife. He is president and chief operating officer of the garnishee-corporation which is 100% owned by his wife. The financial planning corporation also employs the wife and children. As president and chief operating officer, Gherman undoubtedly established his own compensation arrangement which insulates his salary from garnishment. Although he previously testified to “living off his wife,” he is paid approximately $268,000 per an-num. All of his salary goes to a household account which is managed by the wife. His wife earns $100,000 per year. The children are paid $10.00 per hour.
Because the trial court’s findings are supported by competent and substantial evidence, the order that the corporation pay $9,000 to satisfy Lieberman’s judgment against Gherman should be affirmed.