## FLEET LEASING, INC.,
*Respondent - Cross-Appellant.*

*v.*

## L. J. TRUCKING, INC. et al,
*Defendant,*
## PAFFILE TRUCK LINES, INC. et al,
*Appellants - Cross-Respondents.*

### (A8101-00438; CA A28894)

690 P2d 1111

Paul H. Krueger, Albany, argued the cause and filed the briefs for appellant - cross-respondent.

Mary D. Chaffin, Portland, argued the cause for

respondent - cross-appellant. With her on the briefs were Michael J. Francis, and Black, Tremaine, Higgins, Lankton & Krieger, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Paffile Truck Lines, Inc., and Donald P. Paffile (defendants)[1] appeal from a judgment notwithstanding the verdict in favor of plaintiff on defendants' counterclaim for money had and received. We affirm.

Plaintiff does business as Jubitz Truck Stop. Plaintiff established a credit account for L. J. Trucking on which the latter owed $35,616.12 as of February, 1980. At that time, plaintiff refused to permit further charges to be made on the account. Defendants were parties to a contract with L. J. Trucking under which L. J. Trucking provided hauling and related services. On February 11, 1980, plaintiff procured a letter from L. J. Trucking's general manager that authorized defendants "to pay directly to Jubitz Truck Stop * * * the monies which Paffile owes L. J. Trucking, Inc., for trucking services," up to the amount L. J. Trucking owed plaintiff. According to plaintiff, it then contracted orally with defendants for the latter to make payments to plaintiff pursuant to L. J. Trucking's authorization. Defendants paid plaintiff $25,934.63. Plaintiff credited the payments to the L. J. Trucking account. Defendants then discovered that they had been computing their payments under the hauling contract incorrectly and that they had overpaid the combination of L. J. Trucking and plaintiff by approximately $84,000. Defendants made no further payments to plaintiff.

Plaintiff brought this action against L. J. Trucking and defendants, *inter alia,* to recover the unpaid balance of the former's account. Plaintiff alleged that defendants' failure to pay the balance was a breach of the oral contract.[2] Defendants' counterclaim alleged that the money they had tendered to plaintiff was paid because of a mistake of fact and that they were entitled to its return.

The case was tried to a jury that found, in response to special interrogatories, that defendants were not "liable to plaintiff for the amount owing on L. J. Trucking's account" and, on the counterclaim, that plaintiff was liable for the return of the amount defendants had paid. Plaintiff's motion

---

[1] The other defendant, L. J. Trucking, did not appear in the trial court or here.

[2] Plaintiff stated five claims for relief against L. J. Trucking and/or defendants. Only the breach of contract theory is relevant to our discussion.

for judgment n.o.v. on the counterclaim was granted. Its basic argument in favor of the motion was that the evidence was uncontroverted on the factual issues *which the court instructed the jury* were determinative of the counterclaim. The instruction was:

> "If you find the $25,934.63 was paid erroneously to the Plaintiff, then Defendant Paffile corporation would be entitled to recover that sum because the mistake was [basic] to the contract, but only if you find Plaintiff did not extend its credit to L. J. Trucking and discharge L. J. Trucking's obligations to the extent of that payment."

We agree with plaintiff that there was no evidence from which the jury could find for defendants on the factual questions posed by the court's instruction. The evidence was conclusive that plaintiff had extended credit to L. J. Trucking and that plaintiff had discharged L. J. Trucking's obligations to the extent of defendants' payments.

Defendants' only assignment of error on the merits is:

> "The trial court erred in granting the plaintiff's motion for judgment notwithstanding the verdict, when evidence, which would support the award of damages to the defendants, had previously been received by the jury."

Although defendants' argument is sometimes *couched* in "sufficient evidence" terminology, the real point they make is that, under a *correct* application of the law of money had and received to the evidence in this case, a jury could have found that plaintiff had not so far changed its position because of defendants' payments that plaintiff was entitled to retain the money. *See Smith v. Rubel,* 140 Or 422, 426-27, 13 P2d 1078 (1932). Defendants emphasize that, for plaintiff to avoid returning the payments, plaintiff's change of position must have been *caused* by the payments and, according to defendants, their payments were not the cause of the extension of credit to L. J. Trucking.[3]

---

[3] We do not reach the merits of that argument. We note, however, that the exoneration of a debt because of a payment is arguably sufficient in itself to constitute a "change of position," regardless of whether the payment also induced the creation of the debt. Defendants also argue that *plaintiff's* evidence was insufficient to show that it had discharged L. J. Trucking's obligation to the extent of defendants' payments. We disagree with the merits of that argument, and we note that defendants make no

■  The implicit but unstated premise of defendants' argument is that the trial court's instruction incorrectly stated the law. The instruction said nothing about a causal relationship between the payments and the extension of credit or plaintiff's discharge of L. J. Trucking's obligation. However, defendants do not assign error to the giving of the instruction. What we are left with is a contention that there was evidence to support a verdict for defendants on the counterclaim if the jury had been properly instructed, although there was no evidence from which the jury could find in defendants' favor under the incorrect but unchallenged instruction that was given. Defendants have simply not made the right assignment of error to enable us to reach the merits of their argument. For similar reasons, we do not reach defendants' argument that plaintiff was not entitled to rely on the change of position issue because the issue had to be and was not raised as an affirmative defense to the counterclaim. As we observe in note 3, *supra,* defendants do not assign as error that the trial court denied a request to take the issue from the jury.

■  Defendants also assign error to the court's denying them contractual attorney fees in connection with certain claims by plaintiff on which defendants prevailed. *See* note 2, *supra.* Defendants filed their notice of appeal before the trial court entered an order on the attorney fees issue, and the judgment appealed from does not refer to a denial or allowance of attorney fees to defendants. No additional or amended notice of appeal was filed. ORS 19.033(1). The issue is not before us.

Affirmed.[4]

---

assignment of error regarding a denial of a directed verdict on the counterclaim or a refusal to withdraw the change of position issue from the jury.

[4] Plaintiff argues in its cross-appeal that the trial court erred by refusing to give certain requested instructions. Our disposition of defendants' appeal renders the cross-appeal moot.