COREY,
*Appellant,*

*v.*

KLAAS et al,
*Respondents.*

(A8203-01916; CA A29705)

692 P2d 692

Norman F. Webb, Salem, argued the cause for appellant.
With him on the briefs were Webb and Martinis, Salem.

Joyce M. Bernheim, Portland, argued the cause for respondents. With her on the brief was Richard A. Hayden, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff appeals from a decree of strict foreclosure, contending that the trial court's award to her of a judgment of only $9,074.59 against defendants Klaas and Hummon for unpaid property taxes is incorrect and that the court erred in failing to award her reasonable attorney fees, costs and disbursements. We modify the award for property taxes and affirm as modified.

In March 1980, plaintiff and the Klaases entered into a land sale contract by which the Klaases agreed to purchase the Mayo and Wokanda Apartments. The agreement contemplated a three-way transaction in a single escrow. The Klaases were to assign the properties to defendants Hummon immediately in exchange for some apartments in Washington owned by the Hummons. The Klaases executed that assignment, and the Hummons concurrently assumed all of the Klaases' contractual obligations to plaintiff.

On August 8, 1981, the Hummons assigned their vendee's interest in the contract to defendant Libus Investments (Libus). In that assignment, the Hummons convenanted that they were not in default under the contract and that their interest was free of all liens or incumbrances, and Libus agreed to assume the Hummons' obligations under that contract. As part of the transaction, the Hummons required that they be released expressly from any liability to plaintiff, and the assignment was conditioned on plaintiff's written consent. On August 12, 1981, plaintiff executed the following:

> "The Contract Seller [plaintiff] hereby consents to the above assignment of the vendee's interest in the Contract. This consent releases the HUMMONS from *further liability* under the Contract to [plaintiff]. Seller consents *[sic]* to the assignment to Libus Investments, assignee, is on the condition that Libus make a $20,000.00 payment against the principal balance of the Contract on or before September 1, 1981. This principal payment shall be in addition to the monthly payments called for by the Contract." (Emphasis supplied.)

Libus made the $20,000 payment but subsequently defaulted, and plaintiff brought this foreclosure action.

The trial court found as fact that the unpaid property taxes for the Wokanda Apartments were $4,981.67 for 1980-81

and $5,628.17 for 1981-82, and for the Mayo Apartments were $3,189.29 for 1980-81 and $3,286.02 for 1981-82. It included in its conclusions of law that the Hummons are released "from all direct and indirect liability under the contract between [plaintiff] and the Klaases" and that plaintiff is entitled to judgment in the sum of $9,074.59 for the unpaid balance of the real property taxes, "which represents the amount of taxes which were an encumbrance and lien against the real property at the time the release was executed August 7, 1981."

■■  Under the assignment of error respecting the award of only $9,074.59 for the unpaid property taxes, plaintiff makes alternative contentions. First, she contends that her August 12, 1981, release operated to release the Hummons only from liability *incurred after* that date and that she is entitled to $17,085.15, the total of the 1980 through 1982 taxes, because, under ORS 311.405(2), the taxes for that period had become a lien against the properties *before* the release was signed.

ORS 311.405(2) provides:

"Taxes on real property shall be a lien thereon *from and including July 1 of the year in which they are levied* until paid and, except as otherwise specifically provided by law, such lien shall not be voided or impaired." (Emphasis supplied.)

Although plaintiff argues vigorously on appeal that ORS 311.405(2) should be applied to increase the amount awarded for unpaid taxes, our review of the record discloses that plaintiff failed to assert the statute in the trial court as having any bearing on the construction to be given the release. In the absence of special circumstances, matters not presented to the trial court will not be considered on appeal. *Portland Machinery Co. v. Sistig,* 283 Or 249, 252, 583 P2d 536 (1978). Even assuming that ORS 311.405(2) could be applied, plaintiff's failure to assert its applicability in the trial court precludes her reliance on it now.

■  Alternatively, plaintiff contends that, if the award is intended to reflect a calculation prorating the 1981-82 taxes to the date of the release, it is mathematically incorrect. We agree. The issue as framed in the trial court was the determination of defendants Klaases' and Hummons' liability for a portion of the 1981-82 real property taxes, prorated to the date of plaintiff's release. We are not sure how the trial court

arrived at its $9,074.59 figure, but the error appears to be in using August 7 as the date of the release and, therefore, as the date of proration. The release was executed on August 12, 1981. Prorated to that date, the liability of defendants Klaas and Hummon for the 1981-82 taxes is $1,050.06 and, therefore, their total liability for the two tax years is $9,221.02. Accordingly, we modify and increase the judgment for the unpaid taxes to $9,221.02.

■      Plaintiff's second assignment of error is that the trial court erred in failing to award her costs, disbursements and attorney fees to which she claimed contractual entitlement. Plaintiff's notice of appeal, however, was filed before the trial court entered an order on those issues. Because the judgment appealed from does not refer to a denial or allowance of those items, the issue is not before us. *Fleet Leasing, Inc., v. L. J. Trucking, Inc.,* 70 Or App 630, 690 P2d 1111 (1984).

The judgment is modified to award plaintiff $9,221.02 for unpaid taxes and is affirmed as modified.