**MICHIGAN CARPENTERS' COUNCIL PENSION FUND, Michigan Carpenters' Council Health and Welfare Fund, Michigan Carpenters' Council Apprenticeship and Training Fund, Plaintiffs,**

v.

**SMITH & ANDREWS CONSTRUCTION CO., and JMF Associates, Principal Defendants,**

and

**Manufacturers National Bank of Detroit, Garnishee Defendant.**

Civ. A. No. 86–71543.

United States District Court, E.D. Michigan, S.D.

March 16, 1988.

Rolland R. O'Hare, George H. Kruszewski, Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C., Detroit, Mich., for plaintiffs.

Gregory S. Muzingo, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for principal defendants.

Michael R. Main, Michael D. Boutell, Christian Nilson, Paul W. Creasy, Charlie L. Han, Detroit, Mich., for garnishee defendant—MNB.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs Michigan Carpenters' Council Pension Fund, Michigan Carpenters' Council Health and Welfare Fund, and Michigan Carpenters' Council Apprenticeship and Training Fund, moved for a default judgment against the garnishee defendant, Manufacturers National Bank of Detroit (the Bank).

The action against the principal defendants, Smith & Andrews Construction Company and JMF Associates, arose under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, under which I have jurisdiction.

Plaintiffs obtained a consent judgment April 21, 1987, against the principal defendants for $2,703.52. The judgment went unsatisfied. On September 9, 1987, plaintiffs served an affidavit and writ of garnishment on the Bank,[1] with whom the principal defendant Smith & Andrews Construction Co. (Smith & Andrews) had a checking account. While there were sufficient funds in Smith & Andrews' account to satisfy the judgment, the Bank claimed a setoff in its two disclosure statements.[2]

---

**1.** Fed.R.Civ.P. 64 provides that all remedies for seizure of property for satisfaction of judgments are governed by the law of the state in which the court sits. Michigan Court Rule of 1985 (MCR) 3.101 governs garnishment after judgment.

**2.** MCR 3.101(H) provides in relevant part:

The garnishee defendant must file and serve on the plaintiff and the principal defendant a disclosure under oath within 7 days after being served with the writ. The disclosure

(1) must reveal the garnishee defendant's liability to the principal defendant as specified in subrule (G)(1);

The Bank claimed a setoff against amounts due under a promissory note of Smith & Andrews for $120,000 which matured August 31, 1987.

After receiving the writ of garnishment on September 9, 1987, the Bank debited Smith & Andrews' checking account for the statutorily required [3] one and one-quarter times the amount of judgment, or $3,491. Over $800 remained in the account. The Bank allowed Smith and Andrews to write checks against this amount, and against nearly $90,000 subsequently deposited. No setoff was in fact accomplished when the garnishment writ was served on the Bank. Only later in disclosure, the Bank claimed a setoff. No evidence of any setoff was produced. In its two disclosure statements, the Bank claimed as a setoff only the $3,491 debited according to the garnishment statute against the $120,000 owed on the note by Smith & Andrews.

Seeking further information regarding the setoff, plaintiffs served the Bank with interrogatories in September, 1987. The Bank did not make satisfactory answers and I granted plaintiffs' motion for an order to compel answers to interrogatories on December 22, 1987. The Bank made no response. Plaintiffs moved for a default judgment against the Bank under Fed.R. Civ.P. 37(b)(2).

■ At oral argument on the motion the Bank explained that its legal office had recently been moved and the motion to compel mislaid. Thus the Bank had not replied. This is sufficient reason to deny a motion for default judgment for failure to reply under *Patton v. Aerojet Ordnance Company,* 765 F.2d 604, 607–08 (6th Cir. 1985), and I denied plaintiffs' motion.

Accordingly, the parties argued before me and submitted post-trial memoranda regarding the Bank's alleged setoff.

Plaintiffs allege that the Bank did not actually make a setoff. Although plaintiffs' argument does not speak in these terms, I must also consider that even if the Bank did make a set-off, subsequent actions constitute a waiver of the right to set off.

Plaintiffs base their argument that the Bank did not actually set off on the fact that the Bank allowed Smith & Andrews to write checks against both the funds remaining in the account after debiting it pursuant to the garnishment statute and also nearly $90,000 subsequently deposited. The Bank admits that it only claimed as a setoff the $3,491 debited pursuant to the garnishment statute and that it allowed Smith & Andrews to withdraw the remaining funds and those subsequently deposited. The Bank argues that the subsequent activity in the account is irrelevant to the validity of a setoff.

■ The requirement that a setoff be evidenced by some overt act by a bank claiming a setoff against its customer is relevant to the question of whether a setoff occurred. *Baker v. National City Bank of Cleveland,* 511 F.2d 1016, 1018 (6th Cir. 1975). In *Baker,* applying the law of the state of Ohio, the United States Court of Appeals for the Sixth Circuit held that:

> the act of setoff is not complete until three steps have been taken: (1) the decision to exercise the right, (2) some action which accomplishes the setoff and (3) some record which evidences that the right of setoff has been exercised.

511 F.2d at 1018. The Sixth Circuit stated that the Uniform Commercial Code, § 4–303, dealing with the right of setoff between a bank and its customer, requires that a matured debt must actually be set off. *Id.* This section, the court stated, indicates a policy of those states which have adopted the Uniform Commercial Code

> which requires that internal banking transactions involving adverse interests be evidenced by bookkeeping entries or some similarly binding overt act. This policy not only provides criteria for de-

---

(2) may claim any setoff that the garnishee defendant would have against the principal defendant, except for claims for unliquidated damages for wrongs or injuries; ...

3. MCR 3.101(G).

termining conflicting claims, but also assures those who deal with banks that their rights will not be defeated by unsupported internal declarations of a self-serving nature.

*Id.*

While *Baker* concerns the respective rights of a bank and its customer regarding setoff, the problem addressed—determining adverse interests in and conflicting claims to an account—is the same when the parties are a garnisher and garnishee. The policy adumbrated by the Sixth Circuit applies to the conflicting claims of a garnisher and garnishee bank since the garnisher in effect stands in the shoes of the bank's customer, the principal defendant. I therefore hold that the rule requiring a decision to exercise the right of setoff, some overt act to accomplish the setoff, and some record to evidence that the right to set off has been exercised, applies in this case to the conflicting claims between the garnisher and the garnishee bank.

The facts before me indicate no actions accomplishing the setoff and no record evidencing the setoff. On the contrary, the evidence shows that after debiting Smith & Andrews' account in compliance with the garnishment statute, the Bank still allowed Smith & Andrews to withdraw the remaining funds and nearly $90,000 subsequently deposited. The Bank did not pursue the possibility of further setoff of those funds against the over $116,000 still due on the note. Such actions are inconsistent with an intent to set off and are not evidence of any overt act to actually accomplish a setoff. I find from the evidence presented that the Bank did not exercise its right of setoff.

Even if the Bank had made a setoff, however, its actions after the alleged setoff constitute a waiver of that right. While the courts of Michigan have not ruled on what activity by a garnishee defendant constitutes a waiver of the right of setoff, the jurisdictions which have considered it have uniformly held that a garnishee's treatment of a debtor's assets which is inconsistent with the claimed setoff is a waiver

of that right in the face of the garnisher's claim. *See Walters v. Bank of Amer. National Trust & Savings Ass'n*, 9 Cal.2d 46, 69 P.2d 839 (1937); *First Bank of Whiting v. Samocki Brothers Trucking Co.*, 509 N.E.2d 187 (Ind.Ct.App.1987) (and cases cited therein); *United Seeds, Inc. v. Eagle Green Corp.*, 223 Neb. 360, 389 N.W.2d 571 (1986); *First National Bank & Trust Co. of Tulsa v. Lundquist*, 172 Okl. 453, 45 P.2d 524 (1935); *Coastal Adjustment Bureau v. Hutchins*, 229 Or. 418, 367 P.2d 430 (1961).

The usual situation in which courts have held that a garnishee bank's subsequent activity constitutes a waiver of the right of setoff is "when a bank, after service of garnishment, allows its depositor to withdraw funds from the account or honors checks drawn on the account." *First Bank of Whiting, supra* at 199. Courts have concluded in these situations that a bank has made an admission of an indebtedness inconsistent with any assertion of a setoff. *Id.*

In this case the facts clearly establish that the Bank allowed Smith & Andrews to withdraw not only the amount remaining in its account, but also the nearly $90,000 subsequently deposited. I must conclude that this constitutes a waiver of the Bank's right of setoff.

The facts in this case are clearly established. The Bank's actions are inconsistent with its alleged setoff and do not constitute an act sufficient to support an accomplished setoff. Even if the Bank had accomplished a setoff, the Bank's subsequent activity constitutes a waiver of that right as a matter of law. For these reasons, plaintiffs are entitled to judgment.

IT IS SO ORDERED.