Argued and submitted September 13, affirmed December 28, 1989

# SHLIM,
*Respondent,*

*v.*

# CHARAPATA, INC.,
*Defendant,*

# CML, INC.,
*Appellant.*

(82-4-149; CA A50104)

784 P2d 452

Michael Mills, Salem, argued the cause and filed the brief for appellant. With him on the brief was Mills & McMillin, P.C., Salem.

John Heald, Portland, argued the cause and filed the brief

for respondent. With him on the brief was Zikes, Kayser, Heald & Chock, P.C., Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Garnishee CML appeals from a judgment in favor of plaintiff Shlim based on a garnishment of a debt owed by CML to defendant Charapata.[1] CML argues that it does not owe any money to Charapata and that an unliquidated claim cannot be the subject of a garnishment. We affirm.

■ Shlim leased commercial property to Charapata, which later subleased the property to CML. Charapata defaulted on its lease obligations. Shlim obtained a Clackamas County Circuit Court judgment against Charapata for $34,543.58 and, in August, 1985, served a writ of garnishment on CML to collect that judgment. At the time of service, CML owed Charapata $62,138.75 for unpaid rents and property taxes under the sublease but also had a pending unliquidated claim against Charapata for breach of the lease. CML returned a certificate indicating that it held no property belonging to Charapata. Shlim filed an objection to CML's return and, after a hearing, the court ruled in favor of CML. Shlim appealed, and we reversed and remanded. *Shlim v. Charapata, Inc.*, 87 Or App 104, 741 P2d 895 (1987). In December, 1986, CML was awarded a judgment, pursuant to stipulation, for $44,500 on its breach of lease claim against Charapata. In September, 1988, on remand, the trial court concluded that Shlim was entitled to a judgment against CML for "$62,138.75 less the proven set off of $44,500 for a net judgment of $17,638.75," holding that the judgment in the breach of lease action did not include an adjudication of the money owed by CML to Charapata.

■ CML argues that the breach of lease judgment was a net judgment resolving all the claims between it and Charapata and that it owes nothing to Charapata that can be the subject of a garnishment. However, as far as we can tell, in the breach of lease action Charapata did not allege a counterclaim against CML for rent and taxes.[2] That judgment is silent as to whether it adjudicates any claim for rent and unpaid taxes that would bar Charapata from later bringing a claim. Generally, in Oregon, the failure to assert a counterclaim cannot

---

[1] Charapata is not a party to this appeal.

[2] In the breach of lease action, Shlim was a plaintiff and CML and Charapata were defendants. CML brought a cross-claim against Charapata. According to the pleadings in the record, Charapata did not bring a claim against CML.

have a *res judicata* effect. *Conner v. Delon Oldsmobile Co.,* 66 Or App 394, 397, 674 P2d 1180 (1984), and cases there cited. The evidence supports the trial court's holding that the judgment in the breach of lease action did not dispose of the obligation owed by CML.

CML also argues that, because its breach of lease claim against Charapata was unliquidated when Shlim served the writ of garnishment on CML, Shlim should not have been allowed to garnish the debt owed by CML. We noted in *Shlim v. Charapata, supra,* that "ORS 29.135 does not make it clear whether a debt is garnishable before setoffs or counterclaims are resolved."[3] 87 Or App at 107 n 1. However, we need not reach that issue in this case. CML's claim against Charapata was reduced to judgment before trial. Although the claim was unliquidated at the time of service of the writ, it was liquidated by the time of hearing. The trial court properly included it as an offset in calculating the amount that CML owed Charapata.[4]

Affirmed.

---

[3] ORS 29.135 provides:

"Garnishment is the procedure by which a plaintiff on whose behalf a writ of garnishment has been issued against a defendant reaches tangible or intangible personal property of the defendant in the possession, control or custody of or debts or other monetary obligations owing by a third person."

[4] CML's other arguments do not merit discussion.